UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON B. DREWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00115-JAW |
| | ) | |
| WELLPATH, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON PLAINTIFF'S COMPLAINT

On March 31, 2025, Plaintiff filed a complaint (ECF No. 1), but did not pay the filing fee or file an application to proceed without prepayment of fees and costs. On April 1, 2025, the Court ordered Plaintiff to pay the $350 filing fee or file a completed application to proceed without prepayment of fees and costs by April 22, 2025. (Order, ECF No. 3.)

Because Plaintiff failed to comply with the order, on April 30, 2025, the Court ordered Plaintiff to show cause as to why he had not complied with the Court's order. (Order, ECF No. 6.) In the order, the Court established May 14, 2025, as the date by which Plaintiff must show cause. The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. Plaintiff has not filed a response to the Order to Show Cause and has not paid the filing fee or filed an application to proceed without prepayment of fees.

Because Plaintiff has not responded to the Order to Show Cause, I recommend the Court dismiss the matter without prejudice.

1

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.

Here, Plaintiff has (a) failed to comply with the Court's order directing him to pay the filing fee or file a completed application to proceed without prepayment of fees and costs, and (b) failed to show cause in accordance with the Court's Order to Show Cause.[1] Plaintiff thus has failed to comply with the Court's orders and has otherwise failed to prosecute his claim. Given Plaintiff's failure to comply with the Court's orders and his failure otherwise to prosecute the matter, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, unless Plaintiff pays the filing fee or files an application to proceed without prepayment of fees within fourteen days of the date of this Recommended Decision, I recommend the Court dismiss Plaintiff's complaint without prejudice.

---

[1] When he filed the complaint, Plaintiff asked the Court for a continuance of or to stay the proceedings due to his medical condition. The Court denied the request but advised Plaintiff that if he required an extension of a deadline, he could request an extension of the deadline. Plaintiff did not seek an extension of any of the deadlines established by the Court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 28th day of May, 2025.