UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON B. DREWRY, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>WELLPATH, INC., et al., )<br>)<br>      Defendants. ) | No. 1:25-cv-00115-JAW |

**ORDER ON RECOMMENDED DECISION**

The federal district court affirms the magistrate judge's recommended decision to dismiss an incarcerated individual's pro se complaint brought against various medical officials and his warden for the plaintiff's failure to prosecute his claim and failure to comply with court orders.

**I.    BACKGROUND**

On March 31, 2025, Brandon B. Drewry, an individual in the custody of the state of Maine and currently incarcerated at Mountain View Correctional Facility (MVCF), filed a complaint alleging denial of adequate medical care in violation of his Eighth Amendment rights. *Compl.* (ECF No. 1). Mr. Drewry brought his suit against various medical and MVCF officials, including Charlie Nickerson, Health Services Administrator at MVCF; Erica Pierce, head doctor of Wellpath, Inc.; Ruth Lawson-Stoppes, Director of Medical Services of the Maine Department of Corrections (Maine DOC); and Jeffrey Morin, Warden at MVCF (collectively, the Defendants), all in their individual and official capacities. *Id.* at 1.

Mr. Drewry claims that he has been hospitalized on at least four occasions due to "seizure-heart failure," most recently in 2023. *Id.* at 2. He alleges further that his medical records have been "repeatedly tampered with, and lost' while in the care of staff and prisoners at Maine State Prison in Warren, Maine." *Id.* (emphasis removed). He explains an aortic porcine valve was placed in his heart in 2023, which has become infected and thus "antibiotics [] were supposed to run through an I/V three times daily . . . at the Infirmary at Maine State Prison in Warren, Me., scheduled to end on 2/28/2025." *Id.* However, he claims these antibiotics were discontinued and he was returned to MVCF on February 20, 2025 without a determination on his heart infection. *Id.*

Also on March 19, 2025, Mr. Drewry filed a motion for continuance or stay of his claim, asserting "he is ill and unable to litigate this claim." *Mot. to Enlarge Time to File this Pet., and Mot. for Appointment of Counsel* (ECF No. 2). The Magistrate Judge denied his request to extend time or stay on April 1, 2025, informing Mr. Drewry that an indefinite stay or continuance of the entire case was not warranted on the record, but explaining he "can ask the Court to extend the deadlines" for particular filings and that, on such a request, "the Court will determine whether to extend the deadline and if so, the length of the extension." *Order on Pl.'s Mot. to Extend Time or Stay* (ECF No. 5).

On April 1, 2025, the United States Magistrate Judge issued an order regarding filing fee, explaining to Mr. Drewry that he "has neither paid the $350.00 filing fee nor filed an application to proceed without prepayment of fees and costs."

2

*Order Regarding Filing Fee* at 1 (ECF No. 3). The Magistrate Judge directed the Clerk of Court to send Mr. Drewry a form Application to Proceed Without Prepayment of Fees and Costs and ordered Mr. Drewry to complete such application no later than April 22, 2025, explaining that if he failed to pay the required filing fee or completed application by this date then "the Court could dismiss the matter." *Id.*

Mr. Drewry did not pay the filing fee nor submit an application to proceed without prepayment of fees by the Magistrate Judge's directed date. Thus, on April 30, 2025, the Magistrate Judge issued an order to show cause, ordering that "on or before May 14, 2025, Plaintiff shall show cause as to why he has not complied with the Court's order and as to why the matter should not be dismissed." *Order to Show Cause* at 1 (ECF No. 6). The Magistrate Judge again cautioned Mr. Drewry that if he failed to show cause, "the Court could dismiss Plaintiff's complaint." *Id.*

Mr. Drewry did not respond to the order to show cause and, on May 28, 2025, the Magistrate Judge recommended this Court enter an order dismissing Mr. Drewry's complaint without prejudice for failure to comply with court orders and to prosecute his claim. *Recommended Decision on Pl.'s Compl.* (ECF No. 7) (*Rec. Dec.*). After reviewing the procedural history of his case, the Magistrate Judge explains that, under its authority to manage its own docket, a district court may dismiss a case sua sponte for any of the reasons provided in Federal Rule of Civil Procedure 41. *Id.* at 1-2 (citing *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Under

Rule 41(b), the Magistrate emphasizes, a court may dismiss an action for the party's failure to prosecute or for its failure to comply with court orders. *Id.* at 2.

Here, the Magistrate Judge says, Mr. Drewry has "(a) failed to comply with the Court's order directing him to pay the filing fee or file a completed application to proceed without prepayment of fees and costs, and (b) failed to show cause in accordance with the Court's Order to Show Cause." *Id.* The Magistrate Judge thus determines he has failed to prosecute his claim and has failed to comply with court orders, such that dismissal is warranted. *Id.* The Magistrate Judge recommends, "unless Plaintiff pays the filing fee or files an application to proceed without prepayment of fees within fourteen days of the date of this Recommended Decision," the Court to dismiss his complaint without prejudice. *Id.*

Because the Magistrate Judge reviewed the Defendant's motion pursuant to 28 U.S.C. § 636(b)(1)(B), Mr. Drewry had a right to de novo review by the district judge upon filing an objection within fourteen days of being served, *see* 28 U.S.C. § 636(b)(1)(C). Mr. Drewry's objection was due on June 11, 2025; however, as of the date of this order, Mr. Drewry has not filed an objection.

## II. DISCUSSION

Despite the absence of objection on the part of Mr. Drewry to the recommended decision of the Magistrate Judge, the Court performed a de novo review of the Magistrate Judge's recommended decision, together with the entire record, and the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in his recommended decision. Mr. Drewry not only failed to respond to the

Magistrate Judge's order either to pay the $350 filing fee or file an application to proceed without payment of fees and costs, but also failed to respond to the Magistrate Judge's Order to Show Cause. A litigant has no right simply to ignore the orders of a federal judge, especially after being warned that the failure to respond will result in dismissal.

The Court AFFIRMS the recommended decision of the Magistrate Judge and DISMISSES Brandon B. Drewry's complaint (ECF No. 7) for failure to prosecute and failure to comply with court orders.

In light of the Court's dismissal of Mr. Drewry's complaint, the Court further concludes the Order to Show Cause (ECF No. 6) has been RESOLVED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2025